FILED

04/15/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0287

DA 24-0287

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2025 MT 74N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CODY WAYNE JOHNSTON,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Seventh Judicial District,
In and For the County of Richland, Cause No. DC-15-92
Honorable Elizabeth A. Best, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Cody Wayne Johnston, Self-Represented, Deer Lodge, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Mardell Ployhar,
Assistant Attorney General, Helena, Montana

          Charity McLarty, Richland County Attorney, Sidney, Montana

Submitted on Briefs:  March 5, 2025

Decided:  April 15, 2025

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Cody Wayne Johnston appeals the April 5, 2024 denial of his motion for a new trial by the Seventh Judicial District Court, Richland County.

¶3 Johnston was tried and convicted by a jury on October 20, 2016, of deliberate homicide and tampering with the evidence. Almost seven and one-half years later, he filed a motion for a new trial on April 3, 2024. In his motion, Johnston asserted a recent case from the Eighth Judicial District Court in Cascade County, *State v. Hinkle*, No. DC-22-242 (Mont. Eighth Jud. Dist. August 22, 2023), held that the Cascade County Clerk of Court and Sheriff had improperly notified and served the pool of jurors for the 2023 jury pool. Johnston asserted in his motion that based on that case, it was likely the faulty method of juror notification was also being employed in Richland County, and "[i]f the State opposes this, a hearing would be appropriate to determine compliance with this Court of 3-15-405, M.C.A., at the time of Johnston's 2016 jury trial."

¶4 The District Court found that Johnston had untimely filed the motion seven years too late as § 46-16-702, MCA, requires defendants to file a motion for a new trial within 30 days following a verdict. The District Court noted that Johnston's new motion was based on a district court's findings in *Hinkle*, and according to Johnston the structural error

2

identified in that case entitles Johnston to a new trial in Richland County. However, the District Court pointed out Johnston provided no evidence that there were any issues with the Richland County 2016 jury pool. The District Court also found no evidence the jury panel in Johnston's trial was skewed or biased. As such, the District Court denied Johnston's motion for a new trial. Johnston appeals.

¶5 On appeal, Johnston asserts he is entitled to a new trial because there exists new evidence that the procedures for collecting jury members in his initial trial were not properly followed. Johnston claims 24 of the 150-member jury pool did not fill out their jury questionnaires and return them to the court. Following which, the sheriff did not personally serve those 24 members with notice that they must complete the questionnaire. Johnston argues this failure to abide by the statutory requirements for collecting the jury pool violated his due process rights and Sixth Amendment right to an impartial jury.

¶6 The State argues Johnston's untimely motion precludes a new trial. The State asserts Johnston's case does not fall under the very limited exception applied by this Court in *State v. Morse*, 2015 MT 51, 378 Mont. 249, 343 P.3d 1196, because Morse filed his motion for a new trial before his sentencing hearing, and his motion established newly discovered evidence under the standard set out in *State v. Clark*, 2005 MT 330, ¶ 34, 330 Mont. 8, 125 P.3d 1099. The State argues Johnston's motion was filed over seven years too late and did not contain newly discovered evidence to warrant a new trial.

¶7 This Court reviews a district court's denial of a motion for a new trial for an abuse of discretion. *State v. Geren*, 2012 MT 307, ¶ 23, 367 Mont. 437, 291 P.3d 1144. A court

abuses its discretion if it acts arbitrarily, without conscientious judgment, or exceeds the bounds of reason resulting in prejudice. *Geren*, ¶ 23.

¶8 Section 46-16-702(1), MCA, provides that a court may grant a new trial after a verdict or finding of guilty if required in the interests of justice. Section 46-16-702(2), MCA, provides that a motion for a new trial must specify the grounds for a new trial and be filed within 30 days following a verdict or finding of guilty.

¶9 This Court has held that in very limited circumstances a new trial may be necessary under § 46-16-702(1), MCA, if the interests of justice require a new trial. For example, in *Morse*, Morse made a motion for a new trial after a jury convicted him, but before being sentenced. In Morse's motion for a new trial, he disclosed new evidence of the victim's post-trial statements to law enforcement that tended to be exculpatory. *Morse*, ¶ 30. This Court found a new trial was necessary in the interests of justice under § 46-16-702(1), MCA, despite the motion being untimely under § 46-16-702(2), MCA, because there was newly discovered evidence that had the jury considered during the trial, the outcome would have likely been different. *Morse*, ¶ 30.

¶10 Here, Johnston filed his motion for a new trial almost eight years after his trial. In support of his motion for a new trial, Johnston did not allege sufficient evidence to show there was substantial non-compliance in forming the jury pool. Rather, Johnston relied on abnormalities found in another jurisdiction's jury pool in *Hinkle*.

¶11 Prior to voir dire, Johnston was aware that various jurors from the jury pool were not present. Additionally, Johnston's counsel alerted the court that, of the jurors present, not all of them had completed their questionnaires. However, Johnston's counsel

4

confirmed to the court he was satisfied with the process of letting the jurors fill out the questionnaires as they checked in for service. Thus, Johnston knew at the time of his trial and did not object to the fact that some jurors were not present, and some had not completed their questionnaires—because this information was known at the time of trial, it is not newly discovered evidence that justifies a new trial pursuant to the *Clark* factors. If Johnston was aware of jury defects at the time, he should have raised a challenge prior to the trial and immediately investigated further. Johnston's reliance on abnormalities with jury pools in other jurisdictions cannot suffice as evidence that there was substantial non-compliance with the jury pool in his jurisdiction that affected his trial. As such, the District Court did not abuse its discretion when it denied Johnston's motion for a new trial.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13 Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE

Chief Justice Cory Swanson has recused himself and has not participated in this matter.

5